United States District Court
Southern District of Texas
FILED

APR 1 3 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CRISTINA MUNOZ § § § | |
| § | CIVIL ACTION NO. B-04-066 |
| VS. § § | JURY DEMAND |
| § | |
| LAREDO COCA-COLA BOTTLING § COMPANY § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, CRISTINA MUNOZ hereinafter referred to by name or alternatively as plaintiff, and hereby complains of LAREDO COCA-COLA BOTTLING COMPANY hereinafter referred to as defendant. In pursuit of his causes of action plaintiff respectfully shows unto the Court and jury the following:

### PARTIES

1.  Plaintiff, CRISTINA MUNOZ, is a resident of McAllen, Hidalgo County, Texas.

2.  Defendant, LAREDO COCA COLA COMPANY., is a Texas corporation and may be served with process herein by serving its registered agent for service, Corporation Service Company, 701 Brazos Street, Austin, Texas 78701

3.  This is an action for damages to secure protections of and to redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000-3 et seq. (hereafter "Title VII"), and the Texas Commission on Human Rights Act which provides for relief against discrimination and retaliation in employment.

## FACTUAL ALLEGATIONS

4. The injuries and damages suffered by the Plaintiff and made the basis of this action occurred in McAllen Hidalgo County, Texas. At such time and place, Cristina Munoz, was an employee of The Laredo Coca Cola Bottling Company. Defendant, The Laredo Coca Cola Bottling Company, is an employer with more than 15 employees. As such, plaintiff is protected from the illegal and discriminatory action described herein.

5. Plaintiff Cristina Munoz worked as an administrative assistant with defendant The Laredo Coca Cola Bottling Company. During her tenure with the company, plaintiff performed her duties with loyalty, dedication and hard work.

6. On or about September 12, 2002, Plaintiff Cristina Munoz told an Area Vice President that she felt she had been sexually harassed by her boss. A few days later, the Area Vice President discussed the issues with plaintiff's boss who indicated he did not recall doing anything inappropriate. A few days later, plaintiff's co-workers were told to stop talking to her. In addition, plaintiff was forced to have a meeting with the harasser who told her he knew everything she had said about him. She was also told she was spending too much time talking to co-workers and things were going to change. After the meeting concluded, she called the Area Vice-President and told him she was being harassed and retaliated against for telling him about the sexual harassment.

7. A few days later, plaintiff had a meeting with human resources who wrote a memo that concluded no sexual harassment had taken place and warned plaintiff she had been insubordinate and any repeat could result in her termination. Plaintiff was told

to sign the document to verify its accuracy and did so in protest. A few days after this incident, plaintiff was terminated on the grounds of dishonesty. The charges were false and motivated by retaliation for filing a sexual harassment claim.

## ADMINISTRATIVE PROCEDURES

8. Within 300 days of the occurrence of the acts complained of, plaintiff filed her complaint with the Equal Employment Opportunity Commission, (EEOC), alleging that the defendant and its employees had committed an unlawful employment practice against her in violation of Title VII of the Civil Rights Acts. Plaintiff received from the EEOC, a Right to Sue letter allowing her to file this lawsuit within ninety days of its receipt. All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

## SEXUAL HARASSMENT & DISCRIMINATION

9. The plaintiff asserts that she was discriminated against on the basis of her sex. As such, she falls within a protected class under Title VII of the Civil Rights Act. The defendant **THE LAREDO COCA-COLA BOTTLING COMPANY**, is an employer with at least fifteen employees, subjecting itself to coverage under the Act. The conduct of the defendants complained of constituted unwelcome sexual harassment and discrimination on the basis of the plaintiff's sex. The defendants sexually discriminatory and retaliatory conduct detailed above, created a work environment extremely detrimental to plaintiff's emotional and physical health, interfering with plaintiff's work performance, and caused her acute emotional distress. Defendants, its agents, servants, an employees improperly permitted such discriminatory conduct to take place. As such, plaintiff sues the business defendant, for the acts

of its managers, supervisors, employees and agents.

## RETALIATION

10. Plaintiff further asserts a cause of action against defendant The Laredo Coca-Cola Bottling Company, for retaliation in violation of 42 U.S.C. §2000e(a). In support, plaintiff will show she engaged in an activity protected by Title VII, an adverse employment action followed, and the adverse employment action was causally connected to her reporting acts prohibited by Title VII.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

11. Plaintiff asserts that defendants' actions, in the nature of extreme and outrageous conduct, were intentional and/or reckless whose purpose was to cause the infliction of emotional distress of a severe nature to plaintiff. Defendant's actions caused plaintiff mental as well as physical pain. As a result of defendant's actions, Plaintiff has suffered damages in amounts which exceed the minimum jurisdiction requirements of this Court. Plaintiff sues each of the defendants as a result of such actions.

## ACTUAL DAMAGES

12. As a result of the incidents described above, that is made the basis of this suit, plaintiff has suffered mental pain and anguish. In all reasonable probability, plaintiff will continue to suffer such mental pain and anguish for a long time into the future. Plaintiff has further been caused a los of earnings and a loss of earning capacity and in all reasonable probability this incapacity and loss of earning will continue long into the future. In that defendant acted with actual malice and malice, Plaintiff

further requests that exemplary damages be awarded against the defendant

13. This lawsuit involves an actual controversy within this Court's jurisdiction. Thus, the Court may declare the rights and other legal relations of the plaintiff and grant such other necessary and proper relief allowed by a declaratory judgment.

14. By reason of the allegations of this petition, plaintiff is entitled to recover attorney fees in a sum that is reasonable and necessary. In this connection, plaintiff will show that she has employed attorneys to assist her in the prosecution of this action. A reasonable attorneys fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in the case, plaintiff fully expects that the defendant will appeal this case. Plaintiff seeks attorneys fees to compensate the plaintiff for the attorneys fees she has and will incur in the prosecution of this lawsuit, both at trial and on appeal. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of paralegals and./or law clerks who assisted in the prosecution of the case. As permitted, plaintiff also seeks to recoup all litigation expenses expended in the prosecution of this lawsuit. Attorneys' fees and expenses are permitted by Title VII.

15. The Plaintiff requests a jury trial.

16. WHEREFORE PREMISES CONSIDERED, plaintiff prays that this Honorable Court grant the following:

   a) Judgment against defendants, for the relief listed above and as otherwise permitted by law;

   b) Prejudgment interest as allowed by law;

c)  Attorney and litigation fees and expenses;

d)  Interest on said judgment at the legal rate from date of judgment;

e)  For costs of suit herein;

f)  Such other relief as the Court deems proper.

Respectfully submitted,

LAW OFFICE OF MIGUEL SALINAS

By _____
MIGUEL SALINAS
Attorney in charge
FEDERAL I.D. NO. 15171
803 Old Port Isabel Road
Brownsville, Texas 78521
956/550-1115 Telephone
956/550-1134 Telefax