UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
AT BROWNSVILLE

CRISTINA MUÑOZ,

Plaintiff,

v.

Civil Action No. B-04-066

THE LAREDO COCA-COLA BOTTLING
COMPANY, INC.,

Defendant.

## ANSWER

Comes now Defendant, The Laredo Coca-Cola Bottling Company, Inc., by and through counsel, and, in answer to Plaintiff's Original Complaint which was filed on or about April 13, 2004, states the following.

1. Defendant is without sufficient information to admit or deny the allegations made in Paragraph 1, and, accordingly, denies the same, requiring strict proof thereof.

2. Defendant admits the allegations made in Paragraph 2.

3. Defendant denies that Plaintiff is entitled to any damages or redress for deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended by 42 *U.S.C.* §2000-3, et. seq. and/or the Texas Human Rights Act. All other allegations made in Paragraph 3 also are denied, and Defendant requires strict proof of the same.

4. Defendant denies that Plaintiff suffered any injuries or damages in McAllen, Hidalgo County, Texas or elsewhere so as to form the basis of this action. Defendant admits that Plaintiff was an employee of Defendant. Defendant also admits that it is an employer with more than

fifteen (15) employees. All other allegations made in Paragraph 4 are denied, and Defendant requires strict proof of the same.

5. Defendant admits that Plaintiff worked as an administrative assistant with Defendant. All other allegations made in Paragraph 5 are denied, and Defendant requires strict proof of the same.

6. Defendant admits that on or about September 12, 2002, Plaintiff communicated to an Area Vice-President regarding various issues concerning her new supervisor. Defendant also admits that the Area Vice-President discussed the issues Plaintiff had discussed with him with her new supervisor and that this supervisor did not recall the inappropriate acts Plaintiff had described to the Area Vice-President. Defendant also admits that this supervisor met with Plaintiff at some point later to discuss the various issues she had raised with the Area Vice-President. All allegations made in Paragraph 6 which have not been expressly admitted here are hereby denied, and Defendant requires strict proof of the same.

7. Defendant admits that Plaintiff had a meeting with human resources. Defendant also admits that after this meeting with human resources, Plaintiff was asked to sign a memorandum documenting the events of the past several days involving the Area Vice-President, her supervisor and human resources. Defendant also admits that Plaintiff was terminated for dishonesty. All allegations made in Paragraph 7 which have not been expressly admitted here are hereby denied, and Defendant requires strict proof of the same.

8. Defendant is without sufficient information to admit or deny the allegations made in Paragraph 8, and, accordingly, denies the same, requiring strict proof thereof.

9. Defendant admits that it is an employer with at least fifteen (15) employees. All other allegations made in Paragraph 9 are denied, and Defendant requires strict proof of the same.

10. Defendant denies all allegations made in Paragraph 10 and requires strict proof of the same.

11. Defendant denies all allegations made in Paragraph 11 and requires strict proof of the same.

12. Defendant denies that Plaintiff is entitled to any damages as the result of any act or omission of Defendant or any of its agents, employees, supervisors or managers. Defendant specifically denies all allegations made in Paragraph 12 and requires strict proof of the same.

13. Defendant does not contest this Court's jurisdiction.

14. Defendant denies that Plaintiff is entitled to recover attorney fees or any other expenses or costs associated with litigation as a result of any act or omission of Defendant or any of its agents, employees, supervisors or managers. Defendant specifically denies all allegations made in Paragraph 14 and requires strict proof of the same.

15. Plaintiff is requesting a jury trial in Paragraph 15, such that this Paragraph is not subject to the Defendant's admission or denial.

16. Defendant denies that Plaintiff is entitled to any form of relief or damages under any claim or theory against Defendant. Defendant specifically denies all allegations made in Paragraph 16 and requires strict proof of the same.

17. All allegations made in Plaintiff's Original Complaint which have not been expressly admitted or denied herein are hereby denied and Defendant requires strict proof of the same.

## AFFIRMATIVE DEFENSES

18. Plaintiff's Original Complaint fails to set forth facts sufficient to state a cause of action against Defendant upon which relief can be granted.

19. Plaintiff's claims are barred, in whole or in part, by her failure to mitigate damages, if any.

20. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, unclean hands, estoppel and/or waiver.

21. Plaintiff's claims are barred, in whole or in part, by her own improper and/or unsatisfactory conduct.

22. Plaintiff's claims are barred, in whole or in part, by her failure to satisfy conditions precedent to maintain this action.

23. Plaintiff's claims are barred to the extent they involve transactions or events or seek damages for periods outside the applicable statute of limitations.

24. Plaintiff's employment was at-will, and, as such, either party could terminate the employment relationship at any time, with or without cause.

25. Defendant's alleged conduct was not a proximate cause or a cause-in-fact of Plaintiff's alleged injuries or harm.

26. Defendant exercised reasonable care to prevent and correct promptly any alleged harassing behavior experienced by Plaintiff, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided to her or to avoid the harm otherwise alleged in the Original Complaint.

27. Alternatively, to the extent Plaintiff is able to prove that any improper motive was a factor in any relevant employment decision made by Defendant, Defendant would have made the same employment decision regarding Plaintiff regardless of any alleged improper motive.

28. Defendant acted reasonably and in good faith with respect to Plaintiff at all times relevant hereto.

29. Defendant never authorized, ratified or participated in any unlawful conduct regarding Plaintiff.

30. There is no basis in law, fact, or equity for exemplary damages to be awarded to Plaintiff.

31. Plaintiff's Original Complaint, to the extent it seeks exemplary or punitive damages, seeks damages which are unconstitutional, arbitrary, unreasonable, and excessive and which would violate Defendant's right to procedural due process under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of Texas, and violates Defendant's substantive due process as provided in the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I of the Constitution of the State of Texas. A recovery, award or judgment of exemplary damages in this case would have the effect of imposing excessive fines, would deprive Defendant of property without due process of law, would deny Defendant equal protection of the law and would impair the obligations of contracts.

32. In the event Plaintiff is awarded back pay, compensatory, and/or punitive damages, any such damages are subject to the limitations set forth in the *Texas Labor Code,* the *Texas Civil Practice & Remedies Code* and Title VII.

33. Plaintiff's claims are barred, in whole or in part, by her election of remedies.

34. Defendant presently is without information as to the availability and applicability of any affirmative defenses in addition to those pled above, and reserves the right to amend this Answer to plead any other affirmative defenses or matters of avoidance required by Rules 8 and/or 12 of the *Federal Rules of Civil Procedure* which may be revealed as discovery progresses.

    **WHEREFORE**, Defendant prays as follows:

        a.    That Plaintiff's Original Complaint be dismissed, with costs taxed to Plaintiff;

        b.    That Defendant recover its discretionary costs;

c. That Defendant recover its reasonable attorney fees incurred herein; and

d. That the Court award Defendant any such other relief as it deems just and proper.

Respectfully submitted,

ATLAS & HALL, L.L.P.

By: _____
VALORIE GLASS
Texas State Bar No. 00784135

Professional Arts Building
818 Pecan
P.O. Box 3725
McAllen, TX 78502-3725
Telephone: (956) 682-5501
Facsimile: (956) 686-6109

-and-

MILLER & MARTIN PLLC
STACIE L. CARAWAY
Tennessee State Bar No. 17287
Motion for *Pro Hac Vice*
Admission to be filed

Suite 1000, Volunteer Building
832 Georgia Avenue
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
Facsimile: (423) 785-8293

Attorneys for Defendant
The Laredo Coca-Cola Bottling Company, Inc.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing pleading upon opposing counsel as required by law by delivering a copy thereof via certified mail, with sufficient postage affixed thereto to ensure delivery to the following:

>Miguel Salinas, Esq.
>Law Office of Miguel Salinas
>803 Old Port Isabel Road
>Brownsville, Texas 78521
>Telephone: (956) 550-1115

This 19th day of May, 2004.

By: _____
Valorie C. Glass