United States District Court
Southern District of Texas
FILED

MAR 28 2005

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
AT BROWNSVILLE

CRISTINA MUÑOZ,

    Plaintiff,

v.

THE LAREDO COCA-COLA BOTTLING
COMPANY, INC.,

    Defendant.

Civil Action No. 1:04-CV-00066

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND TO QUASH

Comes now Defendant, The Laredo Coca-Cola Bottling Company, Inc., by and through counsel, and, in support of its Motion for Protective Order and to Quash the following:

(1)    the deposition notice issued on March 24, 2005 relating to the March 30, 2005 deposition of Denise Martinez (including the request for documents attached thereto);

(2)    the deposition notice issued on March 24, 2005 relating to the March 30, 2005 deposition of Lee Guerra; and

(3)    any subpoenas which are served upon these two individuals by Plaintiff in this lawsuit during the period of March 25 – March 30, 2005,

states as follows.

### STATEMENT OF FACTS

1.    A Scheduling Order was entered by this Court in the above-referenced matter on August 30, 2004. This Order provided that "discovery must be completed by April 1, 2005. Counsel

may agree to continue discovery beyond the deadline, but there will be no intervention by the Court."

2.  For reasons unbeknownst to Defendant, Plaintiff has served no written discovery in this case. She also has not taken any depositions.

3.  In response to a letter sent by Defendant's lead counsel on March 4, 2005 regarding the prospect of mediating the above-referenced matter prior to trial during the month of April, Plaintiff's counsel sent a letter on March 10, 2005 responding to Defendant's lead counsel's inquiry regarding mediation and also making the comment that he "was going to contact her regarding depositions" in this case. Copies of Defendant's lead counsel's March 4, 2005 correspondence and Plaintiff's counsel's March 10, 2005 correspondence are attached as Collective **Exhibit 1** hereto.

4.  Defendant's lead counsel was out of her office March 10-11 and 15-16, 2005. On March 17, 2005, Defendant's lead counsel sent Plaintiff's counsel a letter stating that she would try to accommodate his request for depositions even though the April 1, 2005 discovery cut-off was fast approaching and asked Plaintiff's counsel to provide the names of those individuals he wished to depose. A copy of Defendant's lead counsel's March 17, 2005 letter is attached as **Exhibit 2** hereto.

5.  On March 18, 2005, Defendant filed its Motion for Summary Judgment pursuant to the Court's August 30, 2004 Scheduling Order.

6.  On the afternoon of March 22, 2005, Plaintiff's counsel contacted Defendant's local counsel asking whether Defendant was willing to agree extend the Court's April 1, 2005 discovery cut-off so that the depositions he wanted to take could occur in April. Defendant's lead counsel responded that Defendant was unwilling to enter into such an agreement a little

more than a week prior to the discovery cut-off. A copy of Defendant's lead counsel's March 23, 2005 letter is attached as **Exhibit 3** hereto.

7. By letter on Thursday, March 24, 2005, Plaintiff's counsel identified two (2) individuals whom he wished to depose -- Lee Guerra, the Branch Manager of Defendant's McAllen facility, and Denise Martinez, the Employee Relations Manager of Defendant's McAllen facility. A copy of Plaintiff's counsel's March 24, 2005 letter is attached as **Exhibit 4** hereto.

8. Defendant's lead counsel responded to this letter the afternoon of March 24, 2005 by explaining that she would be in California Monday, March 28 - Wednesday, March 30, 2005 and this would not give her a reasonable amount of time to then turn around and prepare witnesses for depositions to be held on Friday, April 1, 2005 – the primary date requested in Plaintiff's counsel's March 24, 2005 letter. A copy of Defendant's lead counsel's March 24, 2005 letter is attached as **Exhibit 5** hereto.

9. Shortly after faxing the March 24, 2005 letter, Defendant's lead counsel received the two (2) deposition notices which are at issue in this Motion – one noticing the deposition of Denise Martinez and the other noticing the deposition of Lee Guerra for Wednesday, March 30, 2005. Copies of these notices are attached as **Exhibits A** and **B** to Defendant's Motion for Protective Order and to Quash and, for the Court's convenience, as Collective **Exhibit 6** hereto.

10. The Court will note that Plaintiff's counsel previously had told Defendant's lead counsel in his March 24, 2005 letter that he would be in depositions in Austin on Wednesday, March 30, 2005. See **Exhibit 4** hereto.

## ARGUMENT

Plaintiff has had seven (7) months in which to conduct discovery, has conducted no written discovery and has waited until the week before the April 1, 2005 discovery cut-off set by

this Court back on August 30, 2004 to request to take the depositions of two (2) members of the Defendant's McAllen facility management. These individuals were disclosed as part of Defendant's Initial Disclosures which were provided to Plaintiff on August 30, 2004. (A copy of these disclosures is attached as **Exhibit 7** hereto.)

Defendant submits that serving a deposition notice on Thursday, March 24, 2005 requiring the appearance of Ms. Martinez at a deposition in Brownsville, Texas on Wednesday, March 30, 2005 fails to allow a reasonable time for compliance. Defendant further submits that this notice will subject Ms. Martinez to an undue burden in that the attorney in charge of this case does not have a reasonable period of time in which to prepare Ms. Martinez for her deposition or to transfer her detailed knowledge of the facts and background of this case to other counsel for this purpose. The document request which was attached to this deposition notice will further increase this burden, as, in light of the Good Friday holiday, it gives Ms. Martinez only two (2) business days to assemble the information requested.[1] This task also would have to be completed without the assistance of Defendant's lead counsel, who will be in California during these two (2) business days.

In addition to these factors, which also are applicable to Mr. Guerra's untimely deposition notice, Mr. Guerra also has previously-scheduled business meetings which require him to be in San Antonio March 28 – March 30, 2005.

The bottom line concerning Defendant's Motion to Quash is that Plaintiff is seeking to prejudice Defendant by waiting until the last minute to compel the only discovery Plaintiff has conducted throughout the seven (7) months the discovery period has been open in this case. Defendant and its counsel should not be required to move heaven and earth to comply with such a last-ditch effort. This is the whole reason why discovery deadlines are set and all parties are

---

[1] Defendant's McAllen facility, at which Ms. Martinez is employed, is closed in observance of Good Friday.

given notice of them far in advance – so that situations in which one side unduly burdens the other by demanding its preparation and appearance at a moment's notice do not occur. The deposition notices which were faxed to Defendant's lead counsel on Thursday, March 24, 2005 for Ms. Martinez and Mr. Guerra's appearances at depositions on Wednesday, March 30, 2005 do not offer a reasonable time for compliance, place an undue burden on these individuals as a result of Plaintiff's lack of diligence in this case, and thus should be quashed (along with the request for documents which was attached to Ms. Martinez's deposition notice). *Fed.R.Civ.P.* Rules 26(c) and 45(c)(3)(A)(i) and (iv).

Because Defendant's lead counsel has given Plaintiff's counsel notice that she will be out of her office and in California Monday, March 28 – Wednesday, March 30, 2005, Defendant is concerned that Plaintiff may try to serve Ms. Martinez and/or Mr. Guerra with subpoenas relating to their March 30, 2005 depositions during this time. In this event, Defendant would have no opportunity prior to March 30, 2005 to file an additional Motion to Quash concerning these subpoenas. Accordingly, Defendant requests that this Motion and Memorandum also be extended to apply to any such subpoenas in the event such untimely service takes place. Such subpoenas will be submitted as a late-filed **Exhibit C** to Defendant's Motion to Quash in the event they are served. The arguments applicable to the deposition notices which have been addressed in this Memorandum also would be applicable to any such subpoenas. *Fed.R.Civ.P.* Rules 26(c) and 45(c)(3)(A)(i) and (iv).

### CONCLUSION - - STATEMENT OF RELIEF SOUGHT

For all the reasons set forth herein, Defendant is asking this Court to issue a protective order and/or to quash the deposition notice issued on March 24, 2005 relating to the March 30, 2005 deposition of Denise Martinez (including the request for documents attached thereto), the deposition notice issued on March 24, 2005 relating to the March 30, 2005 deposition of Lee

Guerra, and to quash any subpoenas which are served upon these two (2) individuals by Plaintiff in this lawsuit during the period of March 25 – March 30, 2005.

I hereby affirm as officer of this Court that the matters stated in this Memorandum are true and accurate to the best of my knowledge.

                                    /s/ Stacie L. Caraway
STACIE L. CARAWAY
Tennessee State Bar No. 17287
Attorney In Charge
Admitted to Appear *Pro Hac Vice*

MILLER & MARTIN PLLC
Suite 1000, Volunteer Building
832 Georgia Avenue
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
Facsimile: (423) 785-8293

-and-

WILLETTE & GUERRA, L.L.P.
EILEEN M. LEEDS
Texas State Bar No. 00791093
USDC No. 16799
1534 East 76th Street, Suite 200
Brownsville, TX 78520
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

Attorneys for Defendant
The Laredo Coca-Cola Bottling Company, Inc.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing pleading upon opposing counsel as required by law by delivering a copy thereof via hand-delivery to the following:

       Miguel Salinas, Esq.
       Law Office of Miguel Salinas
       803 Old Port Isabel Road
       Brownsville, Texas 78521

This 28th day of March, 2005.

By: /s/ Stacie L. Caraway w/p bcc